UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | |
|---|---|
| JOHN MEBANE REDMOND ) | |
| ) | |
| v. ) | No. 4:13-cv-16/4:09-cr-16 |
| ) | *Judge Mattice* |
| UNITED STATES OF AMERICA ) | |

## **MEMORANDUM AND ORDER**

John Mebane Redmond ("Redmond") has filed a motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255 (Criminal Doc. 33).[1] The Clerk is **DIRECTED** to serve copies of the motion and this Order upon the United States of America. For the following reasons, the government shall not be required to file an answer to the motion at this time.

Redmond pleaded guilty to one count of possession with intent to distribute 5 or more grams of a mixture and substance containing cocaine base ("crack") and was sentenced to 265 months imprisonment. Redmond sought direct review, the Sixth Circuit affirmed his judgment, and his petition for a writ of certiorari was denied by the Supreme Court of the United States on October 3, 2011 (Criminal Doc. 31). Title 28 U.S.C. § 2255 provides for a one-year statute of limitation in which to file a motion to vacate, set aside, or correct a sentence. The limitation period generally runs from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f). The Supreme Court denied Redmond's petition for a writ of certiorari on October 3, 2011,

---

[1] Each document will be identified by the Court File Number assigned to it in the underlying criminal case.

and his conviction became final on that date. Accordingly, Redmond had until October 2, 2012, within which to file his § 2255 motion.

The Court has not received a § 2255 motion from Redmond. Instead, on February 1, 2013, it received a document entitled "Motion to Amend the Original 28 U.S.C. 2255 Under Fed.R.Civ.P. 15(c)" (Criminal Doc. 33). Under the "prison mailroom filing" rule of *Houston v. Lack,* 487 U.S. 266, 270-72 (1988), a pleading is "filed" by a *pro se* prisoner when it is given to a prison official for mailing. It does not appear that Redmond's motion to amend his § 2255 motion was sent through the prison mail room, however, because the envelope in which the § 2255 was mailed to the court does not bear a stamp showing the date it was received by the prison mail room for mailing.

The envelope does indicate it was mailed on January 29, 2013, the same date written on Redmond's letter addressed to the Clerk that accompanied his motion to amend (Criminal Doc. 33). Therefore, the Court treats the motion as having been filed on January 29, 2013, more than three months after the one year statute of limitations for filing a § 2255 motion had expired.

Because it does not appear that Redmond filed a § 2255 motion prior to filing this motion to amend his § 2255 motion, the motion to amend is treated as his initial § 2255 motion. Treating this filing as a § 2255 motion, it appears the motion is time-barred by the applicable one-year statute of limitations.

The Court of Appeals for the Sixth Circuit has instructed that district courts should afford petitioners notice and an opportunity to be heard prior to *sua sponte* dismissing a habeas corpus petition on statute of limitations grounds. *Wade v. Webb*, 83 Fed.Appx.703, 704 (6th Cir., Dec. 2, 2003), *available at* 2003 WL 22976527 (citing

2

*Scott v. Collins*, 286 F.3d 923, 930 (6th Cir. 2002) and *Acosta v. Artuz*, 221 F.3d 117, 124-125 (2000)). "Title 28 U.S.C. § 2255 is essentially equivalent to § 2254, the former being a postconviction remedy for federal prisoners and the latter available to 'a person in custody pursuant to the judgment of a State court.' 28 U.S.C. § 2254." *Steverson v. Summers,* 258 F.3d 520, 523 n. 4 (6th Cir. 2001). Therefore, the Court will afford Redmond an opportunity to be heard.

Accordingly, Redmond is **ORDERED** to **SHOW CAUSE**, on or before **Monday, September 9, 2013,** why his motion to amend should not be treated as an original § 2255 motion and dismissed as time-barred. *See Day v. McDonough*, 547 U.S. 198, 209-10 (2006) (district court may *sua sponte* dismiss habeas petition as time-barred, after giving petitioner fair notice and an opportunity to be heard).

SO ORDERED.

ENTER:

                                                      */s/ Harry S. Mattice, Jr.*
                                                     HARRY S. MATTICE, JR.
                                                     UNITED STATES DISTRICT JUDGE