UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | | |
|---|---|---|---|
| JOHN M. REDMOND, JR., | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos. | 4:09-CR-16-HSM-SKL-1 |
| | ) | | 4:16-CV-94-HSM |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## MEMORANDUM AND ORDER

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 60]. On February 11, 2016, this Court appointed Federal Defender Services of Eastern Tennessee ("FDSET") to review the case to determine whether Petitioner is eligible for collateral relief based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated the residual provision of the Armed Career Criminal Act, 18 U.S.C. § 924(e), for unconstitutional vagueness. *See* E.D. Tenn. SO-16-02 (Feb. 11, 2016). Petitioner filed the instant pro se challenge to his career offender enhancement under Section 4B1.1 of the United States Sentencing Guidelines [Doc. 60 (suggesting that the sentence is no longer valid because the residual provision in Section 4B1.2 is equally vague)].[1] FDSET did not file a

---

[1] The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual

supplement. Also before the Court are motions for an extension of time [Doc. 63] and to appoint counsel [Doc. 64].

In accordance with the Sixth Circuit's instruction [Doc. 59], this Court stayed the action pending resolution of several dispositive legal issues in *Beckles v. United States* [Doc. 61]. The Supreme Court decided the *Beckles* case on March 6, 2016, holding that the United States Sentencing Guidelines are "not amenable to vagueness challenges." *Beckles v. United States*, No. 15-8544, 2017 WL 855781, at *7 (U.S. March 6, 2017). As a result, binding authority now dictates that the *Johnson* decision does not provide a basis for vacating or correcting Petitioner's sentence.

In light of the *Beckles* decision, this Court directed FDSET, the United States, and Petitioner that any motion they wanted considered prior to resolution of or in conjunction with Petitioner's § 2255 motion should be filed prior to April 1, 2017 [Doc. 62]. On March 27, 2017, FDSET filed a motion requesting the Court grant Petitioner an extension of time to file a pro se response [Doc. 63]. Petitioner submitted a pro se request for new counsel the same day [Doc. 64].

The former motion—FDSET's request for an extension of time so that Petitioner can file a pro se response [Doc. 63], will be denied because Petitioner's pro se request for counsel—

---

clause—that the Supreme Court deemed unconstitutional in the *Johnson* decision. 135 S. Ct. at 2563.

Section 4B1.1 enhances a defendant's offense level if he or she qualifies as a "career offender," i.e., adult defendant whose offense of conviction is a "crime of violence or controlled substance offense" and who has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Manual § 4B1.1(a). "Crime of violence" under the Guidelines is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual § 4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

2

which maintains that he is entitled to *Johnson*-based collateral relief from his career offender designation—demonstrates that the Court afforded the parties ample time to submit motions for consideration. The latter motion—Petitioner's pro se request for the appointment of counsel [Doc. 64], will be denied as moot because this Court previously appointed FDSET to look into whether Petitioner has a claim under the *Johnson* decision and assist with litigation of a meritorious claim. FDSET's refusal to supplement the pro se filing because the *Beckles* decision forecloses the possibility of *Johnson*-based relief neither necessitates nor justifies provision of substitute counsel.

In accordance with the foregoing and in light of the *Beckles* decision, FDSET's request that the Court grant Petitioner an extension of time to file a pro se response to its scheduling order and Petitioner's pro se request for substitute counsel [Docs. 63, 64] are **DENIED**. This Court's stay of the instant action will be **LIFTED** and Petitioner's pro se § 2255 motion [Doc. 60] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

    */s/ Harry S. Mattice, Jr.*
    HARRY S. MATTICE, JR.
    UNITED STATES DISTRICT JUDGE