UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | | |
|---|---|---|---|
| JOHN M. REDMOND, JR., | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos. | 4:09-CR-16-HSM-SKL-1 |
| | ) | | 4:16-CV-94-HSM |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## MEMORANDUM OPINION

Before the Court is the United States' motion to deny and dismiss Petitioner's supplemented motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 69]. Petitioner submitted the relevant § 2255 petition on September 19, 2016 [Docs. 60, 71]. In it, he challenges his enhancement under the United States Sentencing Guidelines and convictions under 18 U.S.C. § 924(c) based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual provision of the Armed Career Criminal Act, 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.* (suggesting that his sentence is no longer valid because the residual clause in Section 4B1.2 is equally vague)].[1]

---

[1]  The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563.

Section 4B1.1 enhances a defendant's offense level if he or she qualifies as a "career offender," *i.e.*, adult defendant whose offense of conviction is a "crime of violence or controlled substance

On March 6, 2017, the Supreme Court issued *Beckles v. United States*, which held that the United States Sentencing Guidelines are "not amenable to vagueness challenges." 137 S.Ct. 886, 894 (2017). Two weeks later, this Court entered an Order (1) explaining that *Beckles* necessarily meant that "*Johnson* . . . does not undermine sentences based on Guideline enhancements;" (2) instructing the parties to "file any motion that they want[ed] the Court to consider in conjunction with, or prior to, ruling on [the instant] petition[] on or before April 1, 2017;" and (3) requiring that responsive pleadings be filed on or before April 15, 2017 [Doc. 62].

On March 27, 2017, FDSET filed a motion requesting that the Court grant Petitioner a 30-day extension of time to file *pro se* arguments in support of the existing-petition [Doc. 63]. That same day, Petitioner filed a pro se motion notifying the Court that FDSET has advised him that *Beckles* forecloses *Johnson*-based relief, describing his disagreement with that conclusion as a "conflict of interest," and requesting substitute counsel be appointed in FDSET's place [Doc. 64].

On April 1, 2017, the United States filed the instant motion to dismiss Petitioner's *Johnson*-based challenge to his career offender designation in light of *Beckles* [Doc. 69]. On April 10, 2017, Petitioner filed a "supplement" to his original petition arguing that *Beckles* does not foreclose *Johnson*-based relief from his career offender designation because *Descamps v. United States*, 133 S.Ct. 2276 (2013), and *Mathis v. United States*, 136 S.Ct. 2243 (2016), dictate that his

---

offense" and who has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Manual § 4B1.1(a). "Crime of violence" under the Guidelines is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual § 4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

prior conviction for common law robbery no longer qualifies as a crime of violence under the Guideline's enumerated-offense or use-of-physical-force clause [Doc. 71].[2]

## I. RESOLUTION OF NON-DISPOSITIVE MOTIONS

FDSET's request for an extension of time [Doc. 63] will be **DENIED** because Petitioner has had more than enough time to submit pro se arguments in support of his existing grounds or supplement the same with additional theories of collateral relief. The petition has been pending before this Court for nearly eight months and more than a month has passed since the Supreme Court decided *Beckles*. An extension would be inappropriate under the circumstances.

Petitioner's pro se request for the appointment of substitute counsel in light of his "conflict of interest" with FDSET [Doc. 64] will also be **DENIED**. This Court appointed FDSET for the limited purpose of reviewing Petitioner's case to determine whether or not he was entitled to collateral relief in light of *Johnson*. E.D. Tenn. S.O. 16-02 (Feb. 11, 2016). According to

---

[2] In *Descamps*, the Supreme Court clarified how sentencing courts should identify an offense when the prior conviction involved the violation of a "divisible" statute—one which "comprises multiple, alternative versions of the same crime." 133 S. Ct. at 2284. Specifically, the Court explained that the sentencing court should employ a "modified categorical approach" and "consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." *Id.* at 2281. The decision made clear that "the job . . . of the modified approach [was only] to identify, from among several alternatives, the crime of conviction so that the court can" determine whether that variant of the offense qualified as a violent felony under the ACCA's definition of violent felony. *Id.* at 2285.

In *Mathis*, the Supreme Court held that: (1) a prior conviction does not qualify as a generic form of a predicate violent felony for purposes of the ACCA if an element of the crime of conviction is made broader than an element of the generic offense by way of an enumerated list of alternative factual means for satisfaction of the former; and (2) Iowa's burglary statute—which defines "structure" to include any building, structure, [or] land, water, or air vehicle"—had a broader locational component than generic burglary. 136 S. Ct. at 2247–48, 53–54. Because the "structure" element of Iowa's burglary statute was broader than the parallel element of generic burglary, the Court concluded that the petitioner's prior convictions were incapable of supporting enhancement under the enumerated-offense clause. *Id.* at 2257.

Petitioner's own admission, they have determined based on *Beckles* that he is not [Doc. 64 p. 1 ("[Counsel] recently informed Petitioner that . . . *Beckles* . . . has foreclosed any relief available pursuant to *Johnson*.")]. Thus, the Court finds that Petitioner received all that he is entitled to receive under this Court's Standing Order. To the extent that Petitioner seeks the appointment of counsel to assist in the litigation of some yet-to-be-filed collateral challenge unrelated to *Johnson*, the Court declines that request at this time because Petitioner has not demonstrated counsel is necessary to ensure that those claims are fairly raised or heard. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986); *see also Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (explaining that the appointment of counsel in a civil case is a mater within the discretion of the district court).

## II. DISPOSITIVE MOTION AND § 2255 PETITION

To the extent that Petitioner challenges his career offender designation based on *Johnson*, that argument fails because the Guidelines are not subject to void for vagueness analysis. *Beckles*, 137 S. Ct. 894. As a result, Petitioner's prior North Carolina convictions for common law robbery and armed robbery remain properly classified as crimes of violence under Section 4B1.2's residual clause. Divisibility of the relevant criminal provisions under *Descamps* and *Mathis* is irrelevant since viability of the residual provision means that both prior offenses categorically qualify as crimes of violence under either the enumerated-offense, use-of-physical-force, or residual clauses.[3]

---

[3] To determine whether a particular offense qualifies as a crime of violence under Section 4B1.1, courts must first identify the precise crime of conviction. *Descamps*, 133 S. Ct. at 2285. They do so by employing a "categorical approach," under which courts look "only to the statutory definitions—elements—of a defendant's prior offense, and not to the particular facts underlying [each individual] conviction[]." *Id.* at 2283 (internal quotations omitted). If violation of the statute invariably involves the use, attempted use, or threatened use of violent force or falls within the generic definitions of burglary, arson, or extortion, then the conviction categorically qualifies as a crime of violence and the courts' task is complete. It is only when the statute criminalizes conduct in excess of that covered by the viable clauses under Section 4B1.3, that courts must determine whether the statute is divisible or indivisible.

### III. CONCLUSION

For the foregoing reasons, the United States' motion to deny and dismiss [Doc. 69] will be **GRANTED** and Petitioner's supplemented § 2255 petition [Docs. 60, 71] will be **DENIED** and **DISMISSED WITH PREJUDICE**. FDSET's motion for an extension of time [Doc. 63] and Petitioner's request for counsel [Doc. 64] will be **DENIED**. This Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**SO ORDERED** this 19th day of April, 2017.

                                                      */s/ Harry S. Mattice, Jr.*
                                                     HARRY S. MATTICE, JR.
                                                     UNITED STATES DISTRICT JUDGE